IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEONARD I. TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 3136 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Jo Anne B. Barnhart ("Barnhart"), Commissioner of Social Security, moves for summary judgment against *pro se* plaintiff Leonard I. Taylor ("Taylor"). This is an action for judicial review of the final decision of the Commissioner of Social Security, that the Social Security Administration correctly computed Taylor's retirement insurance benefits under Title II of the Social Security Act. For the reasons discussed below, the Court grants Defendant's motion.

## BACKGROUND

Taylor applied for retirement insurance benefits on January 3, 2002. (R. 15-1; Adm. Rec. at 64-65.) After an initial determination, Taylor requested reconsideration on June 20, 2002. (*Id.* at 84.) The Social Security Administration decided on August 1, 2002 that Taylor was receiving the highest possible amount of benefits based on his earnings. (*Id.* at 66-67.) On August 7, 2002, Taylor requested a hearing by an Administrative Law Judge ("ALJ") on the basis that the Social Security Administration did not compute all of his earnings between 1972 and 1989. (*Id.* at 69.) The ALJ held a hearing on September 4, 2003 to make an independent determination on Taylor's application. (*Id.* at 28-63.)

At his hearing before the ALJ, Taylor testified that the Social Security Administration's retirement insurance benefits calculations did not reflect his earnings from two employers, the Children's Home & Aid Society ("Children's Home") and Norman Taylor Reality. (*Id.* at 33-34, 45 and Ex. 22.) Taylor did not have any pay stubs from either of those jobs to demonstrate his earnings. (*Id.* at 53-54.) Taylor also testified that he had learned that Norman Taylor did not make social security payments on Taylor's behalf. (*Id.* at 33.) Taylor produced a letter from the Administrative Assistant at Children's Home confirming that Taylor worked there from February 19, 1981 thru October 12, 1981. (*Id.* at Ex. 22.) The letter, however, also stated that the Children's Home could not retrieve Taylor's earnings information. (*Id.*)

Taylor's retirement insurance benefits were re-calculated by both a representative in Taylor's local District Office as well as a technical expert at the hearing before the ALJ. (*Id.* at 26.) At the hearing, Taylor conceded that if no additional earnings from either Children's Home or Norman Taylor Realty were included, the calculations were correct. (*Id.* at 26.)

After the hearing, the ALJ ruled that the Social Security Administration correctly calculated Taylor's benefits based on his reported earnings and that the additional earnings set forth by Taylor were untimely for the ALJ to consider. (*Id.* at 62.)

Taylor requested review from the Appeals Council. (*Id.* at 8-14). After filing his appeal, Taylor sent new information about his case to the Appeals Council on October 13, 2003. (*Id.* at 17-21.) Taylor sent to the Appeals Council a new letter from Children's Home confirming that Taylor's monthly gross salary during his employment there was $708.00. (*Id.* at 21.) On March 24, 2004, the Appeals Council denied Taylor's request for review. (*Id.* at 4-5.) The Appeals Council also noted that the new information submitted by Taylor – earnings of $708.00/month

from Children's Home for roughly eight months in 1981 – was consistent with his reported earnings from 1981. (*Id.*)

Taylor brings this suit against Barnhart, as the Commissioner of the Social Security Administration, appealing the ALJ's ruling. In opposition to Defendant's motion for summary judgment, Taylor attaches several exhibits, including a copy of a W-2 form showing $5,717.44 of compensation from Children's Home and copy of a W-2 form showing $6,464.22 of compensation from Garden Specialties, Inc. ("Garden Specialties"). The W-2 for Garden Specialties is marked "1978".

## ANALYSIS

I. **Legal Standard**

A. **Summary Judgment**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "Only disputes over facts that might affect the outcome of the suit under the governing law sill properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party will successfully oppose summary judgment only if it presents "definite, competent evidence to rebut

the motion." *EEOC v. Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). The Court "considers the evidentiary record in the light most favorable to the nonmoving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

### B. Judicial Review of Commissioner's Decision

42 U.S.C. § 405(g) governs the Court's review of the Commissioner's decision denying Taylor's claim for increased retirement insurance benefits. Section 405(g) provides that the findings of the ALJ are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (quotations omitted). "Substantial evidence may be less than the weight of the evidence... and more than a scintilla." *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004) (citations and quotations omitted). Even if there is adequate evidence in the record to support the decision, the court will not uphold the findings if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996).

The Court may not decide facts anew, reweigh the evidence, resolve conflicts in evidence, or decide questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Instead, the Court's review is limited to determining whether the ALJ applied the correct legal standards in reaching a decision and whether there is substantial evidence in the record to support the findings. *Scivally v. Sullivan*, 966 F.2d 1070, 1075 (7th Cir. 1992).

When the Appeals Council refuses to review the ALJ's findings, the district court reviews the decision of the ALJ. *EADS v. Secretary of the Dep't of Health and Human Servs.*,

4

983 F.2d 815, 817 (7th Cir. 1993). A district court may not reverse an ALJ's decision on the basis of evidence first submitted to the Appeals Council. *Id.* at 818.

### C. Judicial Review of Appeals Council's Refusal to Review

While a district court does not review an Appeals Council's refusal to review as a final and appealable decision, it may review it as an interim order in an administrative proceeding. *Id.* at 817. The Appeals Council's decision to refuse to review the ALJ's decision is discretionary and the district court reviews that decision for a mistake of law. *Nelson v. Bowen*, 855 F.2d 503, 506-08 (7th Cir. 1988).

## II. Summary Judgment for Defendant is Proper

The Commissioner argues that substantial evidence and the ALJ's correct application of the law support the ALJ's finding that the time for making corrections to Taylor's earnings record with regard to employment at Children's Home and Norman Taylor Reality has lapsed. Taylor responds with a number of arguments. First, Taylor argues that he received earnings from two employers in 1981, Children's Home and Garden Specialties. Taylor argues that he earned $5,717.44 with Garden Specialties but the Social Security Administration reported these earnings under Children's Home & Aid Society. Consequently, Taylor asserts that the Social Security Administration's records do not reflect the purported $6,372.00 that he earned from Children's Home & Aid Society. As part of his argument about the inaccurate reporting of earnings, Taylor argues that the Social Security Administration has "doctored" his W2 forms. Taylor contends that he made this argument to the ALJ by introducing "this information and earnings in the hearing."

Second, Taylor argues that the time limit imposed by 20 C.F.R. §§ 404.803 and 404.822 was not in place at the time he received his earnings from Children's Home.

Third, Taylor argues that the time limit imposed by 20 C.F.R. §§ 404.803 and 404.822 does not apply because he is seeking retirement insurance benefits, not disability benefits.

The Court addresses each of Taylor's arguments in the context of analyzing both the ALJ's decision and the Appeals Council's refusal to review under the appropriate standards.

### A. Substantial Evidence and the Law Support the ALJ's Decision

#### 1. No Evidence Before the ALJ Shows that the Social Security Administration's Records Inaccurately Reflected Taylor's Earnings

The Court's review of the ALJ's decision is limited to the administrative record before the ALJ at the time of his or her decision. *EADS*, 983 F.2d at 818. The Court has reviewed in detail the administrative record, including the transcript of the hearing before the ALJ and all exhibits in that hearing. At the hearing, Taylor only argued that he had not received credit for his earnings from the Children's Home and Norman Taylor Reality. In particular, Taylor did not raise any argument about fraudulently doctored W-2 statements or that earnings from Garden Specialties were improperly recorded as coming from Children's Home.

The ALJ ruled that the time limit for Taylor's work in 1981 for Children's Home and in 1989 for Norman Taylor Reality had expired. 20 C.F.R. §§ 404.801-803. This is a correct application of the law. 20 C.F.R. § 404.802 provides that the "time limit" is three years, three months, and fifteen days after the year in which Taylor received earnings. 20 C.F.R. § 404.803 then states that after this time limit has expired, the Social Security Administration records are conclusive evidence of Taylor's earnings for that year unless one of the exceptions in § 404.822 applies. At the hearing, Taylor conceded that if his retirement insurance benefits were calculated based on his earnings in the Social Security Administration's records, then those calculations had been performed correctly. Indeed, the ALJ noted that the Social Security Administration

6

had confirmed those calculations twice – one by a representative in Taylor's district office, and again by the technical expert who testified at the hearing.

Therefore, the Social Security Administration correctly calculated Taylor's retirement insurance unless one of the exceptions in 20 C.F.R. § 402.822 applies. At the hearing, Taylor testified that he did not have any records of his earnings from either Children's Home or Norman Taylor Reality. Indeed, he testified that he had learned that Norman Taylor Reality, in fact, never made social security payments on his behalf. Therefore, there is no exception under § 402.822 that applies to Taylor's situation, as shown by the facts before the ALJ. In particular, the most closely related exception is § 402.822(e)(5), providing that the benefits may be recalculated if the Social Security Records do not reflect the correct wages earned by a person for a given year. At the hearing, however, Taylor had no proof of any earnings that he earned from either Children's Home or Norman Taylor Reality that were not recorded by the Social Security Administration. While Taylor produced a letter from Children's Home, this letter merely confirmed that Children's Home employed Taylor for close to eight months in 1981. Taylor's Social Security records do not conflict with the letter from Children's Home. His records show that he earned $5,717.44 in 1981. Taylor produced no evidence at his hearing before the ALJ that his earnings from Children's Home were not reflected in those recorded earnings for 1981.

### 2. The Time Limits of 20 C.F.R. §401, et seq. Apply to Taylor's Arguments

Taylor argues that the ALJ erred by applying the time limits of 20 C.F.R. §§ 404.802-3 to wages he earned in 1981 and 1989. These time limitations, however, were in effect well before Taylor earned wages at Children's Home in 1981. 42 U.S.C. § 402(c). In fact, the Seventh Circuit upheld the constitutionality of these limitations in 1972. *See Lasch v.*

*Richardson*, 457 F.2d 435 (7th Cir. 1972). Therefore, the time limitations of §§ 404.802-3 apply to Taylor's earnings at issue here.

Taylor also argues that the ALJ erred because the time limits of 20 C.F.R. §§ 404.802-3 do not apply to his case because he is seeking an adjustment of retirement insurance benefits and not disability benefits. Other federal courts, however, have also applied the time limits of §§ 404.801, et seq. to retirement insurance benefits cases. *See Weisbraut v. Secretary of Dept. of Health and Human Servs. of U.S.*, 757 F.2d 83, 84 (3rd Cir. 1985). The language of 20 C.F.R. §§ 404.802-3 applies to the Social Security Administration's record in general, and not merely to disability benefits based on that record. Moreover, those regulations are titled, "Federal Old-Age, Survivors and Disability Insurance." Therefore, absent an express restriction, any requirements under those regulations apply to retirement insurance benefits as well as disability benefits. The ALJ's application of the time limits of §§404.801, et seq. to Taylor's retirement insurance benefits claim was a correct application of the law.

Accordingly, the ALJ correctly applied the law under 20 C.F.R. §401, et seq., and there is no genuine dispute of a material fact that the ALJ's decision is supported by substantial evidence.

### B. The Appeals Council Did Not Abuse Discretion in Refusing to Review the ALJ's Decision

In requesting the Appeals Council to review the ALJ's decision, Taylor submitted new evidence in the form of a letter from Children's Home confirming that Taylor earned $708.00/month for his close to eight months of employment at Children's Home. As the Appeals Council noted in refusing to review the ALJ's decision, the fact that Taylor earned $708.00/month from Children's Home does not prove that the Social Security Administration recorded his earnings from Children's Home. As discussed above, Taylor's records reflect that

he earned $5717.44 in 1981. (*Id.* at 134.) A salary of $708/month for a period of roughly eight months is consistent with the Social Security Administration's records. Therefore, the Appeal's Council correctly noted that the new evidence of Taylor's wages from Children's Home in 1981 would not have changed the ALJ's ruling. Also, for all the reasons discussed above regarding the ALJ's ruling, the Appeal's Council did not abuse its discretion in refusing to review the ALJ's decision, which substantial evidence supported and was consistent with the law.

### C. The New Evidence Before the Court Does Not Require Remand

Taylor submits two W-2 statements as exhibits to his opposition to the Commissioner's motion for summary judgment. One statement reflects earnings of $6,464.22 from Garden Specialties, Inc. The statement bears a mark of 1978. The second statement shows earnings of $5,717.44 from Children's Home. The statement contains no visible date. These W-2 forms were not part of the administrative record and therefore the Court cannot consider in reviewing either the ALJ's decision or the Appeals Council's refusal to review. *EADS,* 983 F.2d at 818.

To the extent Taylor is seeking to have the Court consider the W-2 forms as new evidence under Federal Rule of Civil Procedure 60(b), this request is also improper. Taylor has submitted no reason why he could not have provided the statements during the administrative review process. Taylor alleges that the statements have been doctored and evidence fraud on the part of the Social Security Administration because they conflict with the Administrations records. To the extent Taylor argues that this alleged fraud prohibited him from relying on the W-2 statements earlier, Taylor's argument is also misguided. Taylor's assertion of fraud and inconsistent records is not supported by either the administrative record or the W-2 forms. Indeed, the Social Security Administration's records are entirely consistent with Taylor's W-2 statements. As discussed above, the Administration's records show Taylor's earnings of

$5717.44 in 1981. (15-1; Adm. Rec. at 134.) This is the exact amount shown in Taylor's W-2 form for Children's Home. Clearly, this statement, does not show any inaccuracies in the Social Security Administration's records, let alone fraud on the part of the Administration. The W-2 form showing $6464.22 of earnings from Garden Specialties is also consistent with the Administration's records, which show that same amount as earnings from Garden Specialties in 1978, the year that is marked on Taylor's W-2. (*Id.* at 132.) Taylor argues that the Social Security Administration Records shows $7691.71 in earnings from Garden Specialties. The figure of $7691.71, however, is his "Yearly Total" of earnings for 1978. This figure reflects both his wage total from Garden Specialties and his wage total from another employer in 1978, Hillmans Inc. (*Id.* at 132.) In other words, Taylor's W-2 form for Garden Specialties is entirely consistent with the Social Security Administration's records and does not demonstrate any inaccuracies in the Administration's records or any fraud.

Further, and most importantly, even if the Court considered Taylor's newly submitted evidence, because the two W-2 forms are consistent with and confirm the Social Security Administration's records from which it based Taylor's calculation of benefits, that new evidence would not alter in any way either the ALJ's ruling or the Appeals Council's refusal to review that ruling.

## CONCLUSION

The ALJ's ruling that the Social Security Administration correctly calculated Taylor's retirement insurance benefits was supported by substantial evidence and was consistent with the law. Also, the Appeals Council's refusal to review the ALJ's decision was not an abuse of discretion. Even if included in the administrative record, the two W-2 forms submitted by Taylor confirm that the Social Security Administration correctly calculated Taylor's retirement insurance benefits. Accordingly, the Court grants Defendant's motion for summary judgment. Taylor has requested that the Court allow him to proceed to the Supreme Court. The Court notes that Taylor has the right to appeal this decision to the Seventh Circuit as provided in Federal Rule of Appellate Procedure 4, providing a right to file a notice of appeal within 60 days after the Court enters judgment, because an agency or officer of the United States is a party to this action.

Dated: February 2, 2005

ENTERED:

AMY J. ST. EVE
United States District Court Judge